# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

___

| | |
|---|---|
| **MICHAEL S. LIGHTFOOT,** ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 12-CV-2018 |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

## OPINION

On January 23, 2012, Petitioner, Michael Lightfoot, filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (#1). On February 2, 2012, the Government filed its Response to Petitioner's Motion (#3) and its supplemental briefing on October 17, 2012 (#4). Petitioner did not file a Reply.

This court has carefully and thoroughly reviewed the arguments of the parties and the documents provided. This court has also reviewed the transcripts from Petitioner's sentencing hearing held before this court. Following this careful consideration, Petitioner's Motion (#1) is DENIED. Additionally, because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED.

## Background

In Case No. 09-CR-20089, on November 25, 2009, Petitioner was charged in a three-count indictment for possession with intent to distribute and distribution of five grams of a mixture and substance containing cocaine base ("crack") on October 1, 2009, October 29, 2009, and November 23, 2009 in Champaign County in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii).

On November 10, 2010, Petitioner entered into a plea agreement (09-CR-20089, #17). In the agreement, Petitioner agreed to, in pertinent part and among other things, the following statements:

> 3. Pursuant to Federal Rule of Criminal Procedure 11 (c)(1)(B), the defendant will enter a plea of guilty to Counts 1/2, and 3 of the three-count indictment in this cause.
>
> 4. The defendant has personally read the indictment and the charges to which the defendant is pleading guilty. The indictment and the charges have been explained to the defendant by the defendant's attorney. Furthermore, the defendant fully understands the nature and elements of the crimes to which the defendant is pleading guilty.
>
> 26. The defendant will plead guilty because he is in fact guilty.
>
> 28. The defendant also understands that he has a right to attack his sentence collaterally on the grounds it was imposed in violation of the Constitution or laws of the United States, he received ineffective assistance from his attorney, this Court was without proper jurisdiction or the sentence was otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and his attorney have reviewed Section 2255, and the defendant understands the rights that statute gives him. The defendant's attorney has fully discussed and explained this waiver with the defendant. The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of the ineffectiveness of the defendant's counsel was made by the defendant alone notwithstanding any advice the defendant mayor may not have received from the defendant's attorney regarding this right. Regardless of any advice his attorney has given him one way or the other, in exchange for the concessions made by the United States

> in this Plea Agreement, specifically including the opportunity to cooperate with the United States and possibly provide sufficient substantial assistance to induce a motion for a downward deviation as set forth above, the defendant hereby knowingly and voluntarily waives his right to challenge any and all issues relating to his plea agreement, conviction and sentence, including any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255. The defendant acknowledges and agrees that the effect of this waiver is to completely waive any and all rights and ability to appeal or collaterally attack any issues relating to his conviction and to his sentence so long as the sentence is within the maximum provided in the statutes of conviction.

(09-CR-20089, #17). Petitioner stated under oath and in open court that he accepted the plea agreement. Magistrate Judge David G. Bernthal determined that Petitioner's guilty plea, including his waiver of appeal and collateral attack, were knowingly and voluntarily made.

On February 11, 2011, a Presentence Investigation Report was entered (09-CR-20089, #26). Regarding Petitioner's career offender status, the Report noted that:

> Chapter Four Enhancements: U.S.S.G. § 4B1.1 states that a defendant is a Career Offender if (1) the defendant is at least 18 years old at the time the defendant committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. Defendant Lightfoot has two prior convictions that are triggering offenses for the Career Offender requirements: Case #93-CF-534 (Attempt-Armed Robbery, Sangamon County) and Case #99-CF-772 (Residential Burglary, Rock Island County). While Case #93-CF-822 (Robbery, Sangamon County) is a triggering offense, it is not countable under the guidelines U.S.S.G. § 4Bl.2(c). Since defendant Lightfoot was 35 years old when he committed the instant offense, a felony controlled substance offense, he is considered a Career Offender under the sentencing guidelines.

The Report also stated that

> The subtotal of the criminal history points is 19. According to the Sentencing Table (Chapter 5, Part A), the defendant has a criminal history category of VI. Nonetheless, as the defendant is a Career Offender, a criminal history category of VI is mandated.

(09-CR-20089, #26, ¶ 54)

On February 14, 2011, this court entered judgment, finding that Petitioner pled guilty to all counts (09-CR-20089, #28). On May 17, 2011, a sentencing hearing was held. Because Petitioner accepted responsibility, instead of facing 360 months to life, the advisory guidelines recommended 262 to 327 months. (Sentencing Hearing Transcript (hereinafter "Tr."), 09-CR-20089, #31 at 10:7). Echoing the Presentence Investigation Report, the Government also indicated that Petitioner was "not only a criminal history category VI because he's a career offender; he's a criminal history category VI because he has 19 criminal history points." (Tr. 19:13-16). However, the Government recommended 262 months instead of 327 months, because Petitioner had cooperated. (Tr. 21:18-20). In recommending the bottom of the applicable guideline range, the Government noted that

> [W]e do believe that his—at least his willingness to sign the cooperation agreement, his willingness to meet with the agent—his agents, his willingness to waive his rights to appeal on 2255 do provide some benefit, and we—we say that in the sense of our recommendation to the Court. We are recommending the bottom of the applicable guideline range of 262 months imprisonment. And that is a lower recommendation than we would have made. . . .

(Tr. 18:18-19:2). Petitioner was sentenced to 262 months. (Tr. 37:15-19).

On November 14, 2011, Petitioner filed a letter requesting help with his sentence, which this court construed as a *pro se* motion to reduce his sentence (09-CR-20089, #33). On November 15, 2011, the court appointed the Federal Defender, but on November 28, 2011, the Federal Defender filed a motion to withdraw, noting that

> [Petitioner] is ineligible for a reduction because he was sentenced as a Career Offender. It was the Career Offender guideline and not the crack cocaine

> guideline which determined the Defendant's guideline range. Accordingly, the amendment does not change the Defendant's guideline range or sentence.

(09-CR-20089, #34). This court granted the motion on December 1, 2011 and allowed the Federal Defender to withdraw. On February 8, 2012, this court issued an opinion denying the motion to reduce sentence, holding that

> Defendant's sentence was not based on the offense level set forth in § 22D1.1, which has been lowered by the Sentencing Commission, but rather on the offense level provided under § 4B1.1 for career offenders. Because Amendment 750 did not change the career offender guideline, Defendant does not qualify for a sentence reduction under 18 U.S.C. § 3582(c)(2).

(09-CR-20089, #38).

On February 27, 2012, Petitioner appealed, seeking to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), based on the Fair Sentencing Act. The Seventh Circuit affirmed, agreeing that Petitioner's "guideline range as a career offender is the same both pre-FSA and post-FSA" and that "it appears that the presentence report did apply post-FSA guidelines." *U.S. vs. Lightfoot*, 12-1471 (7th Cir. July 25, 2012). Notably, however, the Seventh Circuit also pointed out that Petitioner "appears to challenge his classification as a career offender, but he did not make this argument at sentencing nor did he directly appeal his sentence, and this court cannot consider that issue here."

On January 23, 2012, Petitioner filed the instant pro se Motion to Vacate, Set Aside, or Correct Sentence (§ 2255) (#1). In it, Petitioner appears to claim that he should not have been categorized as a career offender, because he had no gun or dangerous weapon, and accordingly, that his sentence should have been reduced to the mandatory minimum. On February 2, 2012, the Government filed its Response (#2). On October 9, 2012, this court entered an order requesting

- 5 -

the Government file supplemental briefing in light of Dorsey v. U.S., 567 U.S. \_\_\_\_\_ (2012) and the Government's position in LeShoure v. U.S., 2:10-CR-20014. The Government filed its additional briefing on October 17, 2012 (#4).

## Analysis

This court first notes that relief under 28 U.S.C. § 2255 is reserved for extraordinary situations. *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996), *citing Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993). Accordingly, a petitioner may avail himself of relief under § 2255 only if he can "demonstrate that there are flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude, or result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.3d 296, 298 (7th Cir. 1995). There are no such claims in Petitioner's request. This court also agrees with the Government that Petitioner previously waived his right to pursue relief pursuant to § 2255 in his plea agreement. Accordingly, his petition must be denied.

**Merits of claim**

Petitioner claims that his sentence was incorrectly based on a career offender enhancement because his burglary conviction was non-violent as he had neither a gun nor a dangerous weapon during the commission of the offense. Petitioner's motion is not clear as to whether he is claiming that his robbery or burglary conviction is non-violent, nor does it specify to which of Petitioner's robbery, attempted armed robbery, or burglary charges is he discussing. However, this court presumes he is referring to the #99-CF-772 conviction for residential

burglary that the Presentence Investigation Report applied to classify him as a career offender. Residential burglary is included in the definition of a "crime of violence" in U.S.S.G. § 4B1.2(a)(2). Therefore, his burglary conviction is treated as a crime of violence as a matter of law.

**Waiver**

In any case, Petitioner has waived his right to pursue relief pursuant to § 2255 motion in his plea agreement. In the Seventh Circuit, a waiver in a plea agreement of a right to file a motion under 28 U.S.C. § 2255 is enforceable as a general rule. *Mason v. U.S.*, 211 F.3d 1065, 1069 (7th Cir. 2000); *Jones v. U.S.*, 167 F.3d 1142, 1145 (7th Cir. 1999). The Seventh Circuit has "never been reluctant to hold criminal defendants to their promises." *Roberts v. U.S.*, 429 F.3d 723, 723 (7th Cir. 2005) (dismissing Section 2255 proceeding based on waiver in plea agreement). The only claims that survive a § 2255 waiver are claims that (1) the waiver itself was not knowingly and voluntarily made; or (2) that defense counsel provided ineffective assistance in connection with negotiating the waiver itself. *Mason*, 211 F.3d at 1069; *Jones*, 167 F.3d at 1145.

Here, it is clear that Petitioner knowingly and voluntarily waived his right to collateral attack. Further, not only does the record show that Petitioner was represented by counsel during the waiver, he does not claim ineffective assistance of counsel in regard to negotiating the waiver or involuntariness in regard to agreeing to the waiver. The petitioner acknowledged both in the plea agreement and under oath in open court that he was "satisfied with the legal services provided by [his] attorney in connection with this case, this Plea Agreement and matters related

to it," that he "fully underst[ood] this agreement and accept and agree to it without reservation, including the paragraphs labeled 'Waiver of Right to Appeal' and 'Waiver of Right to Collateral Attack,'" and that he entered into the plea "agreement voluntarily and of [his] own free will in order to gain the benefit of the promises made by the United States." (Plea ¶36) Voluntary responses made by a defendant when entering a guilty plea are binding and entitled to a presumption of verity. *See U.S. v. Martinez*, 169 F.3d 1049, 1054 (7th Cir. 1999); *U.S. v. Price*, 988 F.3d 712, 717 (7th Cir. 1993).

**Applicability of *Dorsey***

Effective August 3, 2010, the Fair Sentencing Act raised the threshold quantity of crack that, with a prior felony drug conviction, would invoke a statutory mandatory minimum penalty of 10 years to a maximum of life imprisonment under 21 U.S.C. § 841(b)(1)(B)(iii) from 5 grams to 28 grams. In the present case, the petitioner was responsible for over 40 grams of crack cocaine. Therefore, his statutory penalties under the pre-FSA threshold and the post-FSA thresholds are exactly the same. Because his statutory penalties are exactly the same, his applicable career offender guidelines do not change under the U.S. Sentencing Guidelines. Accordingly, *Dorsey v. U.S.*, 132 S.Ct. 2321 (2012) is inapposite.

**Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this court denies a certificate of appealability in this case. For a certificate of appealability to be issued, Petitioner must show that jurists of reason would find it debatable whether his Motion states a valid claim

of the denial of a constitutional right and also must show that jurists of reason would find it debatable whether this court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009). This court concludes that jurists of reason would not find it debatable whether Petitioner's Motion states a valid claim of the denial of a constitutional right and also concludes that jurists of reason would not find it debatable that this court correctly found that the Motion is barred by his previous waiver.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's pro se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (#1) is DENIED.

(2) A certificate of appealability is DENIED.

(3) This case is terminated.

ENTERED this 23rd day of January, 2013

**s/ Michael P. McCuskey**

MICHAEL P. McCUSKEY
U. S. DISTRICT JUDGE